# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**KENNETH L. WILLIAMS**
**a/k/a KENNY BELL**                                                                            **PETITIONER**

**v.**                                                                            **No. 3:11CV38-SA-SAA**

**MARGARET BINGHAM**                                                                 **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Kenneth L. Williams for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has answered the petition. The petitioner has not filed a traverse, and the deadline to do so has expired. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* will be denied.

### Facts and Procedural Posture

Kenneth Williams (a.k.a. Kenny Bell), is in the custody of the Mississippi Department of Corrections and is currently housed at Mississippi State Penitentiary in Parchman, Mississippi. Williams was convicted of one (1) count of possession of cocaine with intent to sell, transfer, or deliver and one (1) count of possession of a firearm by a convicted felon in the Circuit Court of Grenada County, Mississippi. State Court Record (hereinafter referred to as "SCR"), Vol. 1, p. 71. On February 5, 2008, he was sentenced to serve twenty (20) years for the possession of cocaine with intent to sell charge and three (3) years for the felon in the possession of a firearm charge all in the custody of the Mississippi Department of Corrections; the sentences run concurrently. SCR, Vol. 1, p. 71-72.

Williams appealed his convictions and sentences in the Mississippi Supreme Court, raising the following issues (as stated by counsel):

Issue 1. Williams was denied his fundamental and constitutional right to a fair trial by introduction of evidence of cocaine and cocaine sales not charged in Count I of the indictment.

Issue 2. Williams did not voluntarily and intelligently elect to proceed *pro se*.

On June 30, 2009, the Mississippi Court of Appeals found no merit to these issues and affirmed the judgment of the circuit court. *Williams v. State*, 45 So.3d 676 (Miss.Ct.App. 2010), reh'g denied, Nov. 3, 2009, *cert. denied* Feb. 25, 2010 (Cause No. 2008-KA-00346-COA).

On April 27, 2010, Williams filed a *pro se* Application for Leave to Proceed in the Trial Court with a Motion for Post-Conviction Relief in the Mississippi Supreme Court, raising the following issues:

Issue 1. Trial counsel failed to file motions or to make objections to errors or to assist in filing motions or to assist petitioner with objections for errors by the court and was in a conflict of interest with petitioner and should not have been allowed to even be involved as standby counsel.

Issue 2. The trial court was in error for admitting evidence of prior sales of cocaine and admitting testimony of prior sales of cocaine which was not included in the indictment. This was in violation of due process of law and equal protection pursuant to the 5th and 14th amendments to the United States Constitution.

Issue 3. The trial court was in error in allowing the petitioner to proceed in pro se when it was not his choice and not voluntarily or made intelligently.

Issue 4. The trial court [erred in making] petitioner proceed pro se when the court plainly had said he did not have the knowledge or the skill to defend himself and was also bias and abused its discretion.

Issue 5. The trial court was in error for not conducting an on the record of petitioner to determine if he was competent to stand trial.

Issue 6. The cumulative errors alone or combined has infected the fairness of the trial and has more likely than not caused a suspect verdict.

Issue 7. The state failed to bring petitioner to trial within 270 days.

On June 23, 2010, that court filed an order dismissing the application as procedurally barred.

S.C.R. Miscellaneous Pleadings, Cause No. 2010-M-00692. In that order, the Mississippi Supreme Court held that "all of the issues raised in the motion for post-conviction relief were either raised on direct appeal or could have been raised on direct appeal. Therefore, the motion for post-conviction relief is procedurally barred pursuant to Miss. Code Ann. § 99-39-21."

In the instant Petition for Writ of Habeas Corpus, filed on March 7, 2011, Williams raises the following issues (pro se):

> **Ground One**. Due process was denied petitioner through the refusal to appoint "effective" assistance of counsel then forcing petitioner to represent himself in violation of the sixth amendment of the United States constitution resulting in an unfair trial.
>
> **Ground Two**. Williams was denied his fundamental and constitutional right to a fair trial by introduction of evidence of cocaine and cocaine sales not charged in count 1 of the indictment.

## Grounds Reviewed on the Merits in State Court

The Mississippi Supreme Court has already considered Grounds One[1] on the merits and decided those issues against Williams; as such, these claims are barred from *habeas* review by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d), unless they meet one of its two exceptions:

> (d) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings *unless* the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

---

[1] As the State argues, the Mississippi Supreme Court has also decided Ground Two on the merits; however, as that ground is also procedurally barred. As such, the court will not discuss the merits of Ground Two.

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* (emphasis added). The first exception, subsection (d)(1), applies to questions of law. *Morris v. Cain*, 186 F.3d 581 (5th Cir. 2000). The second exception, subsection (d)(2), applies to questions of fact. *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997). Since the petitioner's claims challenge both the application of law and the finding of fact, this court must consider the exceptions in both subsections.

Under subsection (d)(1), a petitioner's claim merits *habeas* review if its prior adjudication "resulted in a decision that was *contrary to*, or involved an *unreasonable application* of, clearly established Federal law." *Id.* (emphasis added). A state court's decision is *contrary to* federal law if it arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law, or if it decides a case differently from the Supreme Court on a set of "materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1523 (2000). A state court's decision involves an *unreasonable application of* federal law if it identifies the correct governing principle but unreasonably (not just incorrectly) applies that principle to facts of the prisoner's case; this application of law to facts must be *objectively* unreasonable. *Id.* at 1521. As discussed below, the petitioner has not shown that the Mississippi Supreme Court unreasonably applied the law to the facts, or that the court's decision contradicted federal law. Accordingly, the exception in subsection (d)(1) does not apply to Ground One of the petitioner's claim.

Nevertheless, under § 2254(d)(2) this ground may still merit review if those facts to which the supreme court applied the law were determined unreasonably in light of the evidence

presented. Because the supreme court is presumed to have determined the facts reasonably, it is the petitioner's burden to prove otherwise, and he must do so with clear and convincing evidence. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000); 28 U.S.C. § 2254(e)(1). As discussed below, the petitioner has failed to meet this burden; as such, he cannot use subsection (d)(2) to move these claims beyond § 2254(d), which bars from *habeas corpus* review issues already decided on the merits.

## Ground One – Pro Se Representation

In Ground One, Williams argues that he was denied due process because he alleges that the court denied him effective assistance of counsel and forced him to represent himself. The Mississippi Appellate courts held that there was no merit to this issue. On direct appeal, the Mississippi Court of Appeals held as follows, "[a] complete review of the record leads us to determine that Williams voluntarily and intelligently elected to proceed pro se." Williams, 20 So.3d at 729.

The Mississippi Court of Appeals summarized facts in the record from trial:

Williams was appointed counsel prior to trial. FN2 However, on the day of trial, after a jury was selected, Williams claimed that he did not "feel that [his lawyer] [was] for [him]" and requested another attorney. Because Williams failed to appear for his trial ten days earlier, the court did not allow a continuance. The trial judge explained to Williams that, although it was his constitutional right to have an attorney, he did not have a constitutional right to come in five minutes prior to testimony being given and request a new attorney. The court noted that Williams's case had already been pending for two to three years, and, had he been unhappy with his appointed counsel, he could have hired a private attorney before then. Williams was given the choice of proceeding with his appointed attorney or representing himself. He chose to represent himself.

The trial judge advised Williams that it was unwise to represent himself and strongly urged him to reconsider his decision. Williams's attorney was instructed to remain in the courtroom as standby counsel for Williams, and Williams actually consulted with the attorney several times during the trial.

FN2. At least one of Williams's court-appointed attorneys had to withdraw prior to trial because of a conflict of interest due to that attorney's representation of someone

who would testify against Williams. However, Williams had an attorney present and
prepared to represent him at trial.
Williams, 20 So.3d at 724.

As noted, Williams informed the trial court, after jury selection, that he did not wish to retain the court appointed attorney. SCR, Vol. 2, p. 12. Williams asked the trial court to dismiss his court appointed attorney, grant him a continuance and appoint him another attorney.

Williams claimed his court appointed attorney, K. Elizabeth Davis, had just that morning provided him with some new and different discovery; tried to get him to plead guilty and just "wasn't for him." In response, Ms. Davis more than adequately explained any concerns Williams might have had concerning her representation of him. SCR, Vol. 2, p. 15-18. The trial court at length explained to Williams the risks of electing to proceed pro se. SCR, Vol. 2, p. 24. However, Williams still held to his decision to represent himself. SCR, Vol. 2, p. 25. The trial judge ordered Ms. Davis to remain with Williams throughout the course of the trial for consultation. Williams had every opportunity to avail himself of her skills and services and did in fact consult with Davis on several occasions including regarding the jury instructions offered by the defense.

The Mississippi Court of Appeals held that the "trial judge addressed the requirements of Rule 8.05 early in the proceedings. Even though the trial judge did not make a formal 8.05 declaration concerning Williams's choice to represent himself until after some testimony was given, it is not an error that affected Williams's fundamental rights.

Rule 8.05 of Mississippi's Uniform Rules of Circuit and County Court Practice reads:

> When the court learns that a defendant desires to act as his/her own attorney, the court
> shall on the record conduct an examination of the defendant to determine if the
> defendant knowingly and voluntarily desires to act as his/her own attorney. The court
> shall inform the defendant that:

> 1. The defendant has a right to an attorney, and if the defendant cannot afford an attorney, the state will appoint one free of charge to the defendant to defend or assist the defendant in his/her defense.
>
> 2. The defendant has the right to conduct the defense and that the defendant may elect to conduct the defense and allow whatever role (s)he desires to his/her attorney.
>
> 3. The court will not relax or disregard the rules of evidence, procedure or courtroom protocol for the defendant and that the defendant will be bound by and have to conduct himself/herself within the same rules as an attorney, that these rules are not simple and that without legal advice his/her ability to defend himself/herself will be hampered.
>
> 4. The right to proceed pro se usually increases the likelihood of a trial outcome unfavorable to the defendant.
>
> 5. Other matters as the court deems appropriate.
>
> After instructing the defendant and ascertaining that the defendant understands these matters, the court will ascertain if the defendant still wishes to proceed pro se or if the defendant desires an attorney to assist him/her in his/her defense. If the defendant desires to proceed pro se, the court should determine if the defendant has exercised this right knowingly and voluntarily, and, if so, make the finding a matter of record. The court may appoint an attorney to assist the defendant on procedure and protocol, even if the defendant does not desire an attorney, but all disputes between the defendant and such attorney shall be resolved in favor of the defendant.

URCCC 8.05. By any rational measure, the trial judge warned Williams repeatedly of the dangers of *pro se* representation for a criminal defendant. SCR, Vol. 2, p. 14-23. The most pointed example occurred after a recalcitrant Williams insisted, over several warnings, on proceeding *pro se*. The trial judge told Williams, (out of the presence of the jury):

> You've got her as your lawyer or you represent yourself. But I'm not continuing this case for any reason. You have had the opportunity to have gone out and hired a lawyer prior to today, and so you can sit there and fumble through her file if you want to and you can represent yourself all you want, and you'll probably be representing yourself straight to the penitentiary. But that's your decision.

SCR, Vol. 2, p. 22-23. The only part of Rule 8.05 the trial judge did not follow precisely was making specific findings whether Williams knowingly and voluntarily decided to proceed *pro se*. However, it

is obvious from the record, especially in light of the judge's careful instructions and dire warnings, that Williams knew the risks involved and voluntarily chose to proceed, anyway.

In any event, failure to follow the exact procedure of Rule 8.05, under these facts, is not fatal and amounts to harmless error, if it was error at all. *See Banks v. State*, 816 So.2d 457, 460 (Miss.Ct.App.2002)." *Williams*, 20 So.3d at 729. That court based its holding that the defendant knowingly and voluntarily waived his right to counsel upon the Mississippi Supreme Court's guidelines in *Curlee v. State*, 437 So.2d 1, 2 (Miss.1983) and *Matthews v. State*, 394 So.2d 304, 311 (Miss.1981)). "The trial court's decision to allow pro se representation will be disturbed only upon a showing of abuse of discretion." *Metcalf v. State*, 629 So.2d 558, 566 (Miss.1993) (citation omitted). The appellate court's resolution of the issue in Ground One was neither contrary to clearly established federal law nor an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States. Williams is not entitled to *habeas corpus* relief on Ground One..

### Ground Two – Evidence of Prior Bad Acts – Procedural Bar

In Ground Two, Williams argues that he was denied his right to a fair trial by the introduction of evidence of cocaine and cocaine sales which were not charged in Count I of the indictment. The Mississippi Appellate courts held that there was no merit to this issue. The Mississippi Court of Appeals held on direct appeal that "the circuit court met the requirements set forth by this Court in Noble[s]. Therefore, it did not err in allowing the evidence of prior acts, which supported Williams's intent to distribute the drugs, nor was Williams denied his constitutional right to a fair trial. This issue is procedurally barred and without merit." *Williams*, 20 So.3d at 727.

Though the State delved into the merits of Williams' claim, the court need not do so here. Williams did not object contemporaneously to the introduction of the evidence of his association with

others in an attempt to possess and distribute 6.7 grams of cocaine. As such, this court may not review the claim. "When a state court declines to hear a prisoner's federal claims because the prisoner failed to fulfil a state procedural requirement, federal *habeas* is generally barred if the stated procedural rule is independent and adequate to support the judgment." *Sayre v. Anderson*, 238 F.3d 631, 634 (5th Cir. 2001) (*citing Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 2553-54, 115 L.Ed.2d 640 (1991); *Amos v. Scott*, 61 F.3d 333, 338-39 (5th Cir. 1995)).

The Mississippi Court of Appeals applied the contemporaneous objection rule to bar Williams from seeking review of this claim. The contemporaneous objection rule is an independent and adequate state bar to appellate, state post-conviction, and *habeas corpus* relief. To determine the adequacy of the bar, the court must examine "whether Mississippi has strictly or regularly applied it." *Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997)(*citing Lott v. Hargett*, 80 F.3d 161, 165 (5th Cir. 1996)). Mississippi appellate courts regularly and consistently apply the contemporaneous objection rule as a bar to appellate or post-conviction review. *Smith v. Black*, 970 F.2d 1383, 1387 (5th Cir. 1992), *see also Day v. King*, 2006 WL 2541600, at *4 (S.D. Miss. August 31, 2006) (No. 1:03-cv-624-DMR-JMR)(for a list of Mississippi cases holding issues procedurally barred for failure to lodge a contemporaneous objection or present the issue to the trial court.)

In this case Williams "bears the burden of showing that the state did not strictly or regularly follow a procedural bar around the time of his appeal" and "must demonstrate that the state has failed to apply the procedural bar rule to claims identical or similar to those raised by the Petitioner himself." *Id*. As noted above, the Fifth Circuit has held that Mississippi strictly and regularly applies the contemporaneous objection rule, and Williams has not shown otherwise. As such, he has defaulted his federal claim. *Id*. at 861.

A federal court many not conduct *habeas corpus* review of state decisions applying an independent and adequate state procedural rule unless the Petitioner can demonstrate cause and actual prejudice. *See Coleman*, 501 U.S. at 750; *see also Martin v. Maxey*, 98 F.3d at 849 (*citing Sawyer v. Whitley*, 505 U.S. 333 (1992)). To show cause for his default, "there must be something external to the [Williams], something that cannot fairly be attributed to him." *Coleman*, 501 U.S. at 753 (emphasis in original). Some objective factors constituting cause to excuse a procedural default include "interference by officials" and "a showing that the factual or legal basis for a claim was not reasonably available to [Williams]." *McCleskey v. Zant*, 499 U.S. 467 (1991). The Supreme Court held:

> We think, then, that the question of cause for a procedural default does not turn on whether counsel erred or on the kind of error counsel may have made. So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in *Strickland v. Washington, supra*, we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default.

*Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645 (1986); *see also Edwards v. Carpenter*, 529 U.S. 446, 452, 120 S. Ct. 1587, 1591-92 (2000). Williams has not shown any external action which caused his procedural default; nor has he shown actual prejudice from application of this bar. As such, Williams' allegations in Ground Two are barred from federal *habeas corpus* review.

Finally, the court's decision to apply the bar in this case will not result in a "fundamental miscarriage of justice." *See Martin*, 98 F.3d at 849 (*citing Sawyer v. Whitley*, 505 U.S. 333 (1992)). The "fundamental miscarriage of justice" exception is limited to cases of actual innocence, "where the Petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (*citing Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). To show his innocence, a petitioner must support his allegations with new, reliable evidence which was

not presented at trial – and that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Fairman*, 188 F.3d at 644 (citations omitted). Williams has made no such showing; as such, his claims in Ground Two of the instant petition must be dismissed as procedurally barred.

In sum, Ground One of the instant petition for a writ of *habeas corpus* is without merit and will be denied, and Ground Two will be dismissed as procedurally barred. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 14th day of February, 2014.

                                         **/s/ Sharion Aycock**
                                         **U.S. DISTRICT JUDGE**